RALPH C. PRIESSMAN AND ANN C. PRIESSMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Priessman v. Commissioner
Docket No. 30189-82.
United States Tax Court
T.C. Memo 1984-7; 1984 Tax Ct. Memo LEXIS 663; 47 T.C.M. (CCH) 828; T.C.M. (RIA) 84007; January 4, 1984. J. H. Wegge, for the petitioners. Darren Larsen, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Daniel J. Dinan for hearing on respondent's motion to dismiss for lack of jurisdiction. The Court agrees with and adopts his Opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: This case is before us on respondent's motion to dismiss for lack of jurisdiction because the petition in *664 this proceeding was not filed within 90 days after the mailing of the notices of deficiency, as provided by section 6213(a). [1]
Petitioners moved from Algonquin, Illinois to St. Louis, Missouri, some time before April 8, 1982. They used their attorney's post office box address in Beverly Hills, California, on all the tax returns in question. An Internal Revenue Service notice of deficiency regarding petitioners' 1975 and 1976 taxes sent on April 8, 1982, by certified mail to the Algonquin address was forwarded to the St. Louis address, and received and signed for by Mr. Priessman on April 20, 1982. On April 14, 1982, respondent sent a second deficiency notice regarding petitioners' 1977, 1978, 1979 and 1980 taxes by certified mail to the same Algonquin address. Petitioners never received this notice, and neither the Algonquin nor the St. Louis post offices have any record of it. The petitioner for the years 1975 through 1980 was filed with the Court on December 30, 1982, 266 days after the first deficiency notice was mailed and 260 days after mailing of the second *665 notice. Respondent contends that valid notices of deficiency pursuant to section 6212 were issued to petitioners and that they did not file their petition within the 90-day period prescribed by section 6213(a). Petitioners argue that the notices were invalid because they were sent to the wrong address. We agree with petitioners that the notices of deficiency were not sent to their last known address in accordance with section 6212(b)(1). They set forth their attorney's address on their returns for all six of the years in question. The evidence does not indicate that petitioners gave the Internal Revenue Service reason to believe there was any known address other than that on their returns. Further, there was no evidence that the Algonquin address, to which the notices were sent, was a previously authorized address. Under these circumstances, the address shown on the tax returns was the proper one to use. See , affd. ; . It does not follow, however, that the failure of the Commissioner *666 to send the notices of deficiency to the taxpayer's last known address renders the notices invalid. The purpose of the statute is to provide the taxpayer with timely notice of the determination of the deficiency. . Thus, where the notice is sent to the wrong address but delivered to the taxpayer in time to file a petition, there is no prejudice to the taxpayer and the notice is valid. However, where the notice is sent to the wrong address and never delivered, the statutory purpose is not served and it would be manifestly unjust to deny the taxpayer his prepayment hearing. . In the instant case, the April 8 notice was actually received by petitioners with ample time to appeal therefrom to this Court, thereby satisfying the underlying purpose of section 6212. Petitioners offered no explanation why 78 days was not enough time to study the notice and file a petition, and we can only conclude that their own inaction was responsible for the late filing. Petitioners have not been prejudiced in any way and respondent's error was inconsequential. [2]
*667 The improperly addressed April 14 notice was not harmless error, however, since it was never received by petitioners. We find that they were prejudiced by the Commissioner's failure to send that notice to the appropriate address. In view of the foregoing, respondent's motion to dismiss for lack of jurisdiction will be granted as to the taxable years 1975 and 1976 only. Because we have found that the notice of deficiency mailed on April 14, 1982, pertaining to the years 1977 through 1980, was not sent to petitioners' last known address as is required by the provisions of section 6212(b)(1), that notice was invalid. The Court, therefore, suasponte, will dismiss this case for lack of jurisdiction, for the years 1977 through 1980, on the ground that the notice of deficiency respecting those years, was not mailed to petitioners at their last known address. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Since petitioners received actual notice of the deficiency determination regarding the years 1975 and 1976, we do not address their contentions that no notice was sent to their attorney.↩